IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROYCE ALAN COPPER,                     *
           Petitioner
                                       *
v.                                                  CIVIL ACTION NO. CCB-07-2760
                                       *
LAWRENCE DINISIO, et al.,
           Respondents        *
                                 *******

## **MEMORANDUM**

      Petitioner Royce Alan Copper, an inmate confined at the Talbot County Detention Center in Easton, Maryland, filed the instant 28 U.S.C. § 2254 application for habeas corpus relief on October 11, 2007. He attacks the constitutionality of convictions entered on April 9, 2007, by the Circuit Court for Talbot County, Maryland. Petitioner states direct appeal of his conviction remains pending in the Maryland Court of Special Appeals, with a hearing date sometime in November of 2008. He also states that he has not filed for post-conviction relief under the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, et seq. Paper No. 1.

      Before a petitioner may file a petition seeking habeas relief in federal court, he must exhaust each claim presented to the federal court through remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982) This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. 28 U.S.C. § 2254(b) and (c). This may be accomplished by proceeding either on direct appeal and/or in a post-conviction petition.

      It is clear petitioner has not yet exhausted all of his available state court remedies. In fact, petitioner's direct appeal remains pending and he has not instituted post-conviction proceedings. Paper No. 1.

      As petitioner's claims have not yet been exhausted in the state courts, the court concludes that his petition for habeas corpus relief shall be dismissed without prejudice to allow him to

continue to pursue his state court remedies.  Both comity and judicial efficiency make it appropriate for this court to insist on complete exhaustion before it addresses the issues raised by the petitioner. *See Granberry v. Greer*, 481 U.S. 129, 135 (1987).

Accordingly, the instant application shall be dismissed for the failure to exhaust state court remedies.    A separate order shall be entered reflecting the rulings set forth herein.


October 24, 2007                                          /s/
  Date                                          Catherine C. Blake
                                  United States District Judge